IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| **JAMES BOYLE**<br>4633 Fitler Street<br>Philadelphia, PA 19114<br><br>v.<br><br>**DAVID SINGER, TRUSTEE OF THE MICHAEL SINGER 2005 GST EXEMPT TRUST FOR DAVID SINGER**<br>1117 Spruce Street<br>Philadelphia, PA 19107<br><br>and<br><br>**RUBBISH BUSTERS, LCC d/b/a RUBBISH BUSTERS**<br>6723 Dorel Street<br>Philadelphia, PA 19142<br><br>and<br><br>**MICHAEL SINGER, INC.**<br>1117 Spruce Street<br>Philadelphia, PA 19107 | NO.<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**NOTICE OF REMOVAL**

Please take notice that defendants, David Singer, Trustee of the Michael Singer 2005 GST Exempt Trust for David Singer and Michael Singer, Inc. ("Singer") by and through their undersigned counsel, hereby removes this action from the Philadelphia County Court of Common Pleas, Pennsylvania, where it is docketed as Case No. 1403-2286 to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1331, 1441 and

1446 and provides notice of same to counsel representing Plaintiffs and Co-Defendants, Rubbish Busters, LLC d/b/a Rubbish Busters. In support thereof, Singer avers as follows:

1. On March 17, 2014, James Boyle ("Plaintiff") filed a Civil Action Complaint against David Singer, Trustee of the Michael Singer 2005 GST Exempt Trust for David Singer and Rubbish Busters, LLC d/b/a Rubbish Busters in the Court of Common Pleas of Philadelphia County, Pennsylvania, March Term, 2014, docket number 2286, captioned *James Boyle v. David Singer, Trustee of the Michael Singer 2005 GST Exempt Trust for David Singer and Rubbish Busters, LLC d/b/a Rubbish Busters*. A copy of Plaintiffs' Complaint, together with all process, pleadings and orders served upon Singer are attached hereto as Exhibit "A".

2. By his Complaint, Plaintiff alleges he suffered a "substantial loss of earnings and fringe benefits along with a diminution in his earning capacity". Id.

3. The damages for lost earnings and benefits claimed by Plaintiff primarily relate to Plaintiff's claimed missed opportunity for employment at Saint Joseph's University. Specifically, Mr. Boyle testified:

> A: John Gallagher, my captain, had left the Police Department and retired, and got a job as the Direction of Public Safety at St. Joseph's. And he had reached out to me, I guess it was sometime in the summer of 2013, and mentioned that there would be a supervisor position in their security force opening up, and he was asking me how my shoulder was doing. And I relayed to him that they were going to put me out, and he said he knew, because he was talking to people that had told him about it, and he wondered if I was interested in the job. And then he explained to me the benefits of working at St. Joe's. Mainly, the tuition for my daughter's college would be covered. And I would take classes myself, which would also be covered. The salary and medical benefits.
>
> Q: What was the salary?
>
> A: It was in the forties. It ranged, like $41,000 to $46,000, something like that.

Q: And you already had medical benefits, right?

A: I did have medical benefits, but I had to kick those medical benefits in when I broke my leg, upon retirement, because they would have ended March 1st, and with the leg and the surgery, I had to use my benefits. So, rather than defer my benefits until a later date, I activated my benefits. And the reason I had to activate my benefits was because I couldn't take the job at St. Joseph's.

A true and correct copy of James Boyle's deposition transcript is attached hereto in relevant part as Exhibit "B", 67:11-73:5.

4. On March 4, 2015, John Gallagher, Director of Public Safety at Saint Joseph's University was deposed related to Plaintiff's lost wage and benefits and lost future lost wage and benefit claims related to Plaintiff's claimed missed opportunity to work at Saint Joseph's University. A true and correct copy of John Gallagher's March 4, 2015 deposition transcript is attached hereto in relevant part as Exhibit "C".

5. Mr. Boyle applied for a position at Saint Joseph's University. See, Exhibit "B" at 31:11-18; 71:5-15. See, Exhibit "C" at 58:17-21.

6. Mr. Gallagher testified that the Americans with Disabilities Act (ADA) required him to consult with the Saint Joseph's University Human Resources department if a candidate had any physical restrictions or limitations. Mr. Gallagher testified:

Q: If a person wasn't able to fulfill the physical requirements of a position as a Philadelphia police officer, would they be able to fulfill the physical requirements of the position of either a public safety shift manager or a public safety shift supervisor?

A: Yes.

Q: How so?

A: Well, you know, we have situations where we have officers who have gone out on disability pensions and their disability may not

> interfere with the job performance that's required at the Department of Public Safety and Security.
>
> Q: Is that assessed on a case-by-case basis?
>
> A: Yes. We would look at it on a case-by-case basis.
>
> \*\*\*
>
> Q: Who would make that assessment of whether an officer on a disability pension would or would not be physically qualified to perform the tasks of either a shift manager or a shift supervisor at Saint Joe's University?
>
> A: As I would be interviewing for that job, if that became an issue, then I would make that determination.
>
> Q: Would H.R. get involved at all?
>
> A: They would. I would consult with them if needed, yes, because there are certain American with – ADA requirements that we have to meet, so I would consult with them, yes, that's correct.

See, Exhibit "C" at 46:4-47:14.

7. Mr. Gallagher admits that he did not consult with the Saint Joseph's University human resources department regarding Mr. Boyle's claimed physical limitations despite Mr. Boyle's qualifications for the position. Mr. Gallagher specifically testified:

> Q: And if Mr. Boyle had not sustained the broken leg and would have been able to continue to pursue the job with public safety shift manager or public safety shift supervisor, would you have done a similar thing for him as you did with regard to James Conway?
>
> Ms. Valinis: Objection to form.
>
> Mr. Matz: Objection to form.
>
> A: I would have tried that, yes.
>
> Q: And why would you have tried that?
>
> A: Because I felt that he would have been a qualified candidate based on his experience.

Q: So, with regard to the position of public safety shift supervisor and public safety shift manager, despite Mr. Boyle's lack of supervisory experience, you still thought that he would be a good candidate for either of those two jobs?

A: I felt at the very least he would be a good candidate for public safety shift supervisor.

Q: As a result of the discussion with him regarding his fractured leg, what did you do?

Ms. Valinis: Objection to the form.

A: I didn't do anything. I didn't make any overt actions with human resources. I didn't pursue the matter. I knew, based on the injury that he told me about, that I basically had to put it on the back burner, that I had to hit the pause button on that process. I couldn't reach out on his behalf because it would be a physical challenge for him to do the job.

See, Exhibit "C" at 70:11-71:19.

8. Plaintiff seeks to hold moving Defendants responsible for damages allegedly resulting from Plaintiff's missed opportunity for employment at St. Joseph's University.

9. If Mr. Boyle sustained any wage loss from the missed opportunity for employment at Saint Joseph's University, that is a result of the University's violation of the ADA, not any conduct by removing Defendants.

10. This action is removable to federal court, because it is a civil action involving a claim implicating interpretation of the laws of the United States, specifically the ADA. 28 U.S.C. §§ 1331 and 1441(c).

11. If the initial pleading does not provide details of plaintiff's claims the 30 day time period for removal commences on the date a defendant receives an "other paper" specifically indicating grounds for removal. See, Madden v. Able Supple Co., 205 F. Supp. 2d 695, 698 (S.D. Tex. 2002).

12. Saint Joseph's University's violation of the Plaintiff's rights under the Americans with Disabilities Act was not known prior to Mr. Gallagher's March 4, 2015 deposition. See generally, Exhibit "C".

13. Subsequent to Mr. Gallagher's deposition, Moving Defendants amended their Answer to Plaintiff's Second Amended Complaint with New Matter to include the following:

> 56. Plaintiff's claims for "substantial loss of earnings and fringe benefits along with diminution in his earning capacity" results not from any conduct of Answering Defendants, but rather form third parties and their violations of both the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*

See, a true and correct copy of the Answer to Plaintiff's Second Amended Complaint with New Matter is attached hereto as Exhibit "D".

14. As such, this Notice of Removal is timely filed within thirty (30) days of Mr. Gallagher's deposition and the filing of Moving Defendant's revised Answer.

15. Written notice of the filing of this Notice of Removal has been given to all parties as required by 28 U.S.C. § 1446(d). Copies of all process, pleadings and orders served by Singer are attached as Exhibit "E".

16. Defendant will file a copy of this Notice of Removal in the Court of Common Pleas, Philadelphia County, Pennsylvania as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Singer respectfully requests that it may affect the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**REILLY, JANICZEK & MCDEVITT, P.C.**

By: _____/s/_____

                                           SUSAN M. VALINIS, ESQUIRE
                                           MOLLY C. REILLY, ESQUIRE
                                           Widener Building
                                           One South Penn Square, Suite 410
                                           Philadelphia, PA 19107
                                           Phone: (215) 972-5200
                                           Fax:    (215) 972-0405
                                           Attorneys for David Singer, Trustee of the
                                           Michael Singer 2005 GST Exempt Trust for
                                           David Singer and Michael Singer, Inc.

Dated: March 20, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLYVANIA

| | |
|---|---|
| JAMES BOYLE<br>　　　　　　Plaintiffs,<br><br>v.<br><br>DAVID SINGER, TRUSTEE OF THE MICHAEL SINGER 2005 GST EXEMPT TRUST FOR DAVID SINGER<br><br>and<br><br>RUBBISIH BUSTERS, LCC D/B/A RUBBISH BUSTERS,<br><br>and<br><br>MICHAEL SINGER, INC.<br><br>　　　　　　Defendants. | NO.<br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, Susan M. Valinis, Esquire, attorney for David Singer, Trustee of the Michael Singer 2005 GST Exempt Trust for David Singer and Michael Singer, Inc., hereby certify that a true and correct copy of this Notice of Removal has been served upon counsel as follows via electronic service, mail, and/or email:

Anthony Baratta, Esquire
Baratta Russell & Baratta
3500 Reading Way, The Loft at Woodmont
Huntingdon Valley, PA 19006
**Attorney for Plaintiff**

George Matz, Esquire
Kurtz & Revness, P.C.
Three Glenhardie Corporate Center

1265 Drummers Lane, Suite 209<br>
Wayne, PA 19087<br>
<b>Attorney for Rubbish Busters, LLC</b>

Respectfully submitted,

**REILLY, JANICZEK & MCDEVITT, P.C.**

By: _____/s/_____
Susan M. Valinis, Esquire
Molly C. Reilly, Esquire
Attorney for Defendant,
David Singer, Trustee of the Michael Singer 2005
GST Exempt Trust for David Singer and Michael
Singer, Inc.

Dated: March 20, 2015