IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BOYLE, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID SINGER, *et al.*, | : | NO. 15-1447 |
|     Defendants. | : | |

MEMORANDUM

PRATTER, J.                                                                                                           APRIL 30, 2015

Defendants David Singer (as Trustee of the Michael Singer 2005 GST Exempt Trust for David Singer) and Michael Singer, Inc., ("Moving Defendants") removed this case to federal court,[1] claiming that nearly a year after the case was initially filed, they first learned during a deposition that a federal question was implicated.[2] Plaintiff James Boyle moves to remand the case, arguing that to the extent any federal question has now arisen, that question is part of a defense, and thus does not support removal. He also filed a motion for sanctions, charging Moving Defendants with removing this case without any legal basis to do so. The matter is fully briefed and ripe for decision.

**BACKGROUND**

According to the Complaint, which was filed in March, 2014, in the Court of Common Pleas of Philadelphia County, Plaintiff James Boyle was a guest and business invitee at an apartment house owned by Moving Defendants when he slipped and fell on an accumulation of

---

[1] Defendant Rubbish Busters does not appear to join in this removal petition. It has not filed any brief in support of or in opposition to the motion to remand. No other party has made any representation as to Rubbish Buster's position on the petition.

[2] No one argues that diversity jurisdiction could apply to this case. Mr. Boyle and the Singers are all Pennsylvania citizens.

ice in front of the entrance to the building.  He claims to have suffered serious bodily injury as a result of the fall, and he lists as part of his damages "a substantial loss of earnings and fringe benefits along with a diminution in his earning capacity."  *See* Notice of Removal, Docket No. 1 at Ex. A (Complaint), ¶ 22.

During discovery, Mr. Boyle testified that the damages claimed for loss of earnings relate, at least in part, to a job opportunity at St. Joseph's University that he claims to have missed out on because of the injuries related to his fall.  On March 4, 2015, Defendants deposed John Gallagher of St. Joseph's University about this alleged missed opportunity.  They claim that during this deposition, Mr. Gallagher testified that the Americans with Disabilities Act ("ADA") required him to consult with the University's Human Resources department about candidates with physical limitations and that he did not do that with respect to Mr. Boyle.[3]  Based on this, Defendants claim that any wage loss was due to a violation of the ADA by St. Joseph's University, and not to any of the Defendants' conduct.  After the deposition, Moving Defendants amended their Answer to add a defense based on this alleged violation of the ADA by St. Joseph's University and filed the instant Notice of Removal.

Mr. Boyle now moves for remand, arguing that if a federal question is indeed raised here, it is part of a defense, and that under well-settled law, a federal defense does not confer subject matter jurisdiction.  Moving Defendants counter that Mr. Boyle's claim itself implicates the ADA, making the case appropriate for removal.  Mr. Boyle also claims that sanctions are

---

[3] Unless Defendants omitted relevant deposition testimony from the excerpts quoted in and attached to their Notice of Removal, their interpretation of this testimony is attenuated.  Mr. Gallagher did testify that he did not consult with Human Resources about Mr. Boyle, but his testimony regarding the ADA is not as straightforward as Defendants would have it.  Indeed, Mr. Gallagher testified that if he was interviewing candidates for various positions, he would be the person to make a determination about whether that person was physically qualified to perform the job and that he would "consult with [Human Resources] *if needed*" in that situation because of ADA requirements.  *See* Notice of Removal, Docket No. 1 at ¶ 6 (emphasis added).  Regardless, Mr. Gallagher's interpretation of the ADA's supposed requirements is not controlling here in any way.

warranted, as Moving Defendants had no legal basis to remove and did so only to avoid hearings on allegedly sanctionable conduct in state court.

### A. Motion for Remand

**LEGAL STANDARD**

Under 28 U.S.C. § 1441,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a). However, "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir. 1987)) (additional citations omitted).

Removal must take place "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b), (c)(3). "Where the parties are not diverse, removal is appropriate only if the case falls within the district court's original 'federal question' jurisdiction . . . ." *U.S. Express Lines Ltd. v. Higgins,* 281 F.3d 383, 389 (3d Cir. 2002).[4]

---

[4] The Court notes that all defendants in an action must timely consent to the removal in order to remove an action to federal court. *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995). As noted above, *supra* note 1, it does not appear that Defendant Rubbish Busters consented to removal of this action; however, no party has raised an objection to removal on this ground.

3

**DISCUSSION**

"Ordinarily, determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207 (2004) (internal quotations omitted) (citing *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for So. Cal.,* 463 U.S. 1, 9–10 (1983)). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109 (1936)); *see also Gully,* 299 U.S. at 115 ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.").

Accordingly, a petition for removal and an answer to a complaint are irrelevant in determining the presence *vel non* of a federal question, and "[i]t is not enough that a federal question is or may be raised as a defense." *U.S. Express,* 281 F.3d at 389 (citation omitted). For example, counterclaims are inadequate to confer federal jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 831. In essence, the "rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar,* 482 U.S. at 392.

"[T]he vast majority of cases brought under the general federal question jurisdiction of the federal courts are those in which federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986). However, a "state suit need not invoke a federal law in order to 'arise under' it for removal purposes." *U.S. Express,* 281 F.3d at 389. Consequently, for purposes of federal question jurisdiction, either a "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a

substantial question of federal law." *Empire Healthchoice Assurance Inc. v. McVeigh,* 547 U.S. 677, 690 (2006) (citing *Franchise Tax Bd.,* 463 U.S. at 27–28).

Here, to the extent a federal question arises at all in Mr. Boyle's state law tort claim, it arises only in Moving Defendants' affirmative defense pointing the finger at a third party as to a portion of Mr. Boyle's damages. As previously noted, however, "[i]t is not enough that a federal question is or may be raised as a defense." *U.S. Express,* 281 F.3d at 389 (citation omitted). A federal defense, short of complete federal preemption, simply does not confer subject matter jurisdiction on this Court.

Moving Defendants seem to argue, however, that the ADA is implicated in the Boyle claim itself. While their response is rather sparse, it may be that Moving Defendants are arguing that to prove that Moving Defendants caused Mr. Boyle's damages with respect to the lost job opportunity at St. Joseph's University Mr. Boyle must also prove that St. Joseph's University did not violate the ADA in failing to hire him. Even accepting that premise, the Court still lacks jurisdiction over the claim. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharma., Inc.*, 478 U.S. at 813. As the Supreme Court has held, an embedded federal issue only justifies the exercise of subject matter jurisdiction when: (1) the case necessarily raises a federal issue, (2) the federal issue is substantial and in actual dispute, and (3) the exercise of federal jurisdiction will not disturb "any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

The Court need not address the Supreme Court's factors one and three because Moving Defendants clearly cannot meet the second factor. As to that factor, the Supreme Court, after describing the category of cases to which this type of federal question jurisdiction applies as

5

"small and special," outlined four elements that may indicate that a federal issue in a case is substantial: (1) whether the case includes a federal agency (and, relatedly, whether that agency's compliance with a federal statute is in dispute); (2) whether the federal question is important, as opposed to trivial; (3) whether a decision on the federal issue with resolve the case (*i.e.*, whether the federal issue is merely incidental to the outcome); and (4) whether a decision as to the federal question will control numerous other cases. *Empire Healthchoice*, 547 U.S. at 699-701. Here, at the very least, considerations 1, 3, and 4 weigh strongly against the federal court's jurisdiction. No federal agency is involved in this case. A decision on whether St. Joseph's University violated the ADA will not resolve the central issue in the case (*i.e.*, whether the Defendants caused Mr. Boyle's fall by negligently failing to maintain their property). Indeed, at most, an answer to the question could resolve a portion of Mr. Boyle's damages but will not impact in any way the liability issues. Finally, to the extent the ADA is implicated at all in this case, a decision with respect to the ADA-related question raised here will be highly fact specific, and, consequently, highly unlikely to have any impact on other ADA cases. Therefore, because there is no substantial federal question implicated in this case, under conventional, controlling case law, the Court does not have subject matter jurisdiction over this matter.

### B.  *Motion for Sanctions*[5]

**LEGAL STANDARD**

> Under Rule 11(b) of the Federal Rules of Civil Procedure:
>
> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

---

[5]  The Court notes that Mr. Boyle only seeks sanctions under Fed. R. Civ. P. 11. He does not ask for the Court to award costs under 28 U.S.C. § 1447(c).

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

A party may move for Rule 11 sanctions if the opposing party violates this rule, the movant provides that opposing party with notice, and the opposing party fails to withdraw the offending pleading or motion within 21 days of service of the notice. Fed. R. Civ. P. 11(c). "Rule 11 is intended for only exceptional circumstances." *Morristown Daily Record, Inc. v. Graphic Comm. Union, Local 8N,* 832 F.2d 31, 32 n. 1 (3d Cir. 1987). The appropriate standard for review of the possibly sanctionable conduct is whether the litigant or attorney acted reasonably under the circumstances. *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir. 1987). "Although reasonable minds may differ as to conduct that they perceive is violative, it is clear that the Third Circuit targets 'abuse' and manifests a concern that sanctions not be imposed in a routine and indiscriminate manner." *Unanue Casal v. Unanue Casal*, 132 F.R.D. 146, 150 (D.N.J. 1989) (citing *Mary Ann Pensiero, Inc. v. Lingle,* 847 F.2d 90, 94–95, 99 (3d Cir. 1988)). "It is well-settled that the test for determining whether Rule 11 sanctions should be imposed is one of reasonableness under the circumstances, the determination of which falls within the sound discretion of the District Court." *Brubaker Kitchens, Inc. v. Brown,* 280 F. App'x 174, 185 (3d Cir. 2008).

**DISCUSSION**

Mr. Boyle argues that Moving Defendants had no legal or factual basis for removal and did so only to avoid a sanctions hearing that was scheduled to take place in the state court action

one day after the Notice of Removal was filed. According to his proposed order, Mr. Boyle seeks sanctions in the amount of $2,500, but does not explain how he arrived at that figure. Moving Defendants argue that their conduct in state court was completely ethical and justified, and reiterate their arguments in favor of removal, still failing to acknowledge the difference between asserting a defense based on federal law and defending against a claim based on federal law. Moving Defendants are not the first litigants to misunderstand the nuances of federal question jurisdiction, especially on the issue of proper removal grounds. Thus, it cannot be said that by making the argument for removal for the reasons stated Moving Defendants were abusing either the Court or the Plaintiff.

Moreover, it is clear that the real heart of Mr. Boyle's argument for sanctions is Moving Defendants' conduct in state court, which allegedly led to their hasty removal to this Court. Because the case will now return to state court, that court can take up the issue of Moving Defendants' conduct once more. This Court will leave to the state court the issue of whether Moving Defendants engaged in sanctionable conduct and then compounded that conduct by removing the case to federal court to avoid the consequences. The state court is in a much better position in this case to evaluate the parties' allegations, given the case's history of over a year of litigation in that court and the fact that most of the conduct underlying the request for sanctions took place while the case was pending in state court. For this Court to evaluate just an aspect of Moving Defendants' conduct, *i.e.*, the act of filing the removal petition, outside of the greater context of the case, would be an inefficient use of both this Court's and the state court's resources. Thus, the Court will deny the motion for sanctions, without prejudice to Mr. Boyle raising the same issues after his return to state court.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand will be granted, and Plaintiff's Motion for Sanctions will be denied. An appropriate Order follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge
